JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Clarence Smith, Jr., <br>     Plaintiff, <br> v. <br> Douglas A. Ducey, et al., <br>     Defendants. | No. CV 20-02012-PHX-ROS (JFM) <br><br> **ORDER** |

Plaintiff Joe Clarence Smith, Jr., who is confined in the Arizona State Prison Complex-Eyman, has filed, through counsel, a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff has paid the filing and administrative fees for this case. The Court will dismiss the Complaint and this action.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-

1  defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

**II.   Complaint**

In his Complaint, Plaintiff sues Arizona Governor Douglas A. Ducey, Arizona Department of Corrections Director David Shinn, Acting Assistant Director for Prison Operations Lance Hetmer, Warden Stephen Morris, and Warden Jeffrey Van Winkle. Plaintiff asserts that he has been on death row for 43 years and, consequently, executing him after such a lengthy delay in carrying out his death sentence amounts to cruel and unusual punishment under the Eighth and Fourteenth Amendments. Plaintiff seeks declaratory and injunctive relief, specifically: a judicial declaration that "Plaintiff has been and will continue to be subjected to cruel and unusual punishment unless and until Defendants are enjoined from executing him"; a judicial declaration that "Plaintiff has been and will continue to be deprived of his Eighth and Fourteenth Amendment rights unless

and until Defendants are enjoined from executing him"; and an injunction prohibiting Plaintiff's execution.

### III. Discussion of Complaint

#### A. Plaintiff's Allegations

Plaintiff alleges that he has been on Arizona's death row for 43 years, "including many years isolated in a concrete cage measuring no more than 12 feet by 7 feet, with little or no human contact for 22-24 hours a day, in a state of enforced idleness and inactivity, depression, and anxiety." (Doc. 1 at 2 ¶ 1.)  Plaintiff is "elderly" and "infirm" and has more than 20 physical ailments. (*Id.*)  He contends that Defendants "have unjustifiably continued to hold Plaintiff under threat of imminent execution despite Plaintiff being sentenced to death in 1977." (*Id.* at 8 ¶ 50.)  As a result, Plaintiff "has suffered and continues to suffer additional, excessive, gratuitous, and cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution by spending more than four decades on death row, much of it in solitary confinement, with the mental anguish that accompanies the threat of imminent execution." (*Id.* ¶ 51.)

Plaintiff asserts he is "***not*** challenging the validity of his convictions or the validity of his death sentence." (*Id.*)  Rather, Plaintiff contends that executing him "now that he has suffered more than four decades on death row, many chronic medical conditions, the mental anguish that accompanies the threat of imminent execution, and cruel conditions of solitary confinement, would serve no penological purpose and would constitute additional, excessive, gratuitous, and cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution." (*Id.* at 8 ¶ 52.)

#### B. Plaintiff's Criminal Proceedings

Plaintiff was convicted in Maricopa County Superior Court case #CR0000-095116-A of two murders and was sentenced to death for each conviction.[1]  Plaintiff appealed his convictions and sentences, and on July 13, 1979, the Arizona Supreme Court affirmed

---

[1] *See* http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR0000-095116 (last accessed Oct. 21, 2020).

Plaintiff's convictions but remanded the case for resentencing. *State v. Smith*, 599 P.2d 187 (Ariz. 1979). The trial court conducted a second sentencing hearing and again sentenced Plaintiff to death for each conviction.[2] Plaintiff appealed, and on December 7, 1981, the Arizona Supreme Court affirmed the death sentences. *State v. Smith*, 638 P.2d 696 (Ariz. 1981).

Between 1983 and 1991, Plaintiff unsuccessfully sought post-conviction relief in the trial court.[3] On October 3, 1991, Plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. *Smith v. Lewis*, No. CV 91-01577-PHX-PGR (D. Ariz. 1991) (Doc. 1). On January 21, 1997, the Court denied Plaintiff's habeas petition. (Doc. 113 in CV 91-01577.) Plaintiff appealed, and on August 31, 1999, the Ninth Circuit vacated the death sentences and remanded for resentencing. *Smith v. Stewart*, 189 F.3d 1004 (9th Cir. 1999). On October 16, 2000, the Supreme Court denied the State's petition for writ of certiorari. *Stewart v. Smith*, 531 U.S. 952 (2000).

While Plaintiff's resentencing was pending in the trial court, the Supreme Court decided *Ring v. Arizona*, 536 U.S. 584 (2002), which invalidated Arizona's judge-sentencing procedure in capital cases. *See State v. Smith*, 159 P.3d 531, 536 (Ariz. 2007). Subsequently, the Arizona Legislature amended Arizona's death penalty statutes to assign to juries the responsibility of finding aggravating circumstances and determining whether to impose the death penalty. *Id.* On June 1, 2004, the jury found facts supporting death verdicts for each conviction, and the next day, the trial court entered a judgment of death for each conviction.[4]

Plaintiff appealed his sentences, asserting, among other things, that "executing him after nearly three decades on death row violated the Eighth and Fourteenth Amendment prohibitions against cruel and unusual punishment and the length of time Plaintiff spent on death row was not of his own making; rather, it was because he was provided with

---

[2] *See id.*

[3] *See id.*

[4] *See id.*

ineffective assistance of counsel appointed by the State." (Doc. 1 at 5 ¶ 27.) On May 31, 2007, the Arizona Supreme Court affirmed Plaintiff's sentences. *Smith*, 159 P.3d 531. In rejecting Plaintiff's argument, the Arizona Supreme Court noted that it had expressly rejected Plaintiff's argument in *State v. Schackart*, 947 P.2d 315, 226 (Ariz. 1997) and that in Plaintiff's case, "much of the delay resulted from [Plaintiff's] pursuit of his rights to post-conviction relief, as opposed to intentional delay by the State in carrying out the death sentence." *Smith*, 159 P.3d at 544 n.14. The Supreme Court denied Plaintiff's subsequent petition for writ of certiorari. *See Smith v. Arizona*, 552 U.S. 985 (2007).

On May 23, 2008, Plaintiff filed a notice of post-conviction relief in the trial court, and on June 7, 2011, he filed a petition for post-conviction relief.[5] The trial court summarily denied the petition on September 13, 2011, and, after the Arizona Supreme Court issued a warrant of execution, an execution date of March 21, 2012 was set.[6]

On February 15, 2012, Plaintiff filed a Motion to Stay Execution of Death Sentence in this Court. *Smith v. Ryan*, No. CV 12-00318-PHX-PGR (D. Ariz. 2014) (Doc. 1). On February 16, 2012, the Court ordered a stay of execution. (Doc. 6 in CV 12-00318.) On December 12, 2012, Plaintiff filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, again arguing that executing him after 35 years on death row constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. (Doc. 25 in CV 12-00318.) On March 24, 2014, the Court denied the habeas petition and declined to issue a certificate of appealability. (Doc. 48 in CV 12-00318.) The Court, citing *Lackey*, noted that the Supreme Court has never held that lengthy incarceration prior to execution constitutes cruel and unusual punishment. (*Id.* at 58.) The Court denied Plaintiff's subsequent Motion to Alter or Amendment Judgment. (Doc. 55 in CV 12-00318.)

Plaintiff appealed, and on May 26, 2016, the Ninth Circuit affirmed the Court's decision and declined to grant a certificate of appealability. *Smith v. Ryan*, 823 F.3d 1270 (9th Cir. 2016). The Ninth Circuit denied Plaintiff's subsequent petition for rehearing en

---

[5] *See id.*

[6] *See id.*

- 5 -

banc, and on April 24, 2017, the Supreme Court denied Plaintiff's petition for writ of certiorari. *Smith v. Ryan*, 137 S. Ct. 1283 (2017).

### C. Cognizability of Plaintiff's Claims

Plaintiff seeks to permanently enjoin his execution because he "has been and will continue to be subjected to cruel and unusual punishment" unless Defendants are enjoined from executing him. Despite Plaintiff's characterization of his claim as a § 1983 claim that does not challenge the "validity" of his convictions or death sentence, Plaintiff in fact seeks to avoid his death sentence. The distinction between challenging the validity of the sentence and seeking to avoid carrying out the sentence is merely semantics because the remedy sought is the same: that Plaintiff never be executed. And "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). Thus, claims seeking invalidation of a death sentence are properly brought in habeas corpus petitions.

In contrast, a prisoner's challenge to the circumstances of his confinement may be brought under § 1983. *Id.* Here, Plaintiff's claim is that unless his execution is enjoined, "Defendants will continue to cause [Plaintiff] to suffer additional, excessive, gratuitous, and cruel and unusual punishment in the form of the anguish, depression, and anxiety of the threat of imminent execution after spending more than four decades on death row, much of it under inhumane conditions of solitary confinement." (Doc. 1 at 9 ¶ 55.) Thus, Plaintiff's claim appears to be a heretofore unrecognized hybrid claim: he asserts that his conditions of confinement are inhumane and cause him anguish, depression, and anxiety (a civil rights claim), and the remedy he seeks is that his death sentence not be carried out (a habeas corpus claim).

Neither the Ninth Circuit nor the Supreme Court has recognized a claim that the extended duration of a condemned prisoner's time awaiting execution amounts to a constitutional violation cognizable under § 1983. Instead, Plaintiff's claims are based on Justice Stevens's concurring opinion in *Lackey v. Texas*, 514 U.S. 1045 (1995), in which the Supreme Court denied certiorari on a claim that executing a prisoner after 17 years on

death row violated the Eighth Amendment's prohibition against cruel and unusual punishment. *Id.* at 1421 (Stevens, J., mem. respecting denial of certiorari). Thus, "[c]laims that suffering the ravages of death row for a lengthy duration violate the Eighth Amendment are commonly called *Lackey* claims." *Allen v. Ornoski*, 435 F.3d 946, 958 (9th Cir. 2006). Justice Stevens's memorandum in *Lackey*, however, did not create a new claim because "[d]issents, no matter how eloquent and continuous, do not create constitutional law." *Davis v. Shoop*, No. 2:16-cv-495, 2020 WL 3255145, at *43 (S.D. Ohio June 16, 2020).

The Court is aware of only one case in which a death row prisoner asserted a *Lackey* claim in a § 1983 action. In *Johnson v. Bredesen*, No. 3:09–1133, 2009 WL 4581509 (M.D. Tenn. Nov. 30, 2009), the district court dismissed the plaintiff's § 1983 claim because "§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where a prisoner seeks injunctive relief challenging the fact of his conviction or the duration of his sentence." Unlike a challenge to the *method* of execution, which may be brought in a § 1983 action, a *Lackey* claim challenges the constitutionality of the sentence itself and therefore "fall[s] within the 'core' of habeas corpus." *Id.* at *3. As the district court noted, "no matter how it is couched, Plaintiff's claim lies at the very core of habeas corpus because, if successful, Plaintiff will evade what the trial court and various appellate courts have determined to be a lawfully imposed sentence of death. In essence, Plaintiff is seeking to strike down the death sentence and change the sentence drastically to something much less." *Id.* at *4.[7]

Similarly, here, Plaintiff couches his claim as a § 1983 claim and yet seeks to strike down his death sentence. Unlike a method-of-execution claim, which would enjoin only certain methods of *carrying out* an execution, Plaintiff claims he cannot constitutionally be

---

[7] By contrast, a challenge to the *method* of execution is a cognizable under 42 U.S.C. § 1983. *See, e.g., Hill v. McDonough*, 547 U.S. 573 (2006); *Nelson v. Campbell*, 541 U.S. 637 (2004). As the Supreme Court noted in *Nelson*, a prisoner's suit challenging "a particular means of effectuating a sentence of death does not directly call into question the 'fact' or 'validity' of the sentence itself [because by altering the lethal injection procedure] the State can go forward with the sentence." 541 U.S. at 644.

executed *at all*. Thus, if Plaintiff's claim is cognizable at all, it is only cognizable as a habeas corpus claim. As described above, Plaintiff previously, and unsuccessfully, asserted such claims in the state courts and in this Court.

For the foregoing reasons, the Court will dismiss the Complaint and this action.

**IT IS ORDERED:**

(1) The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

Dated this 30th day of November, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge